UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| **MARY BEATTIE,**<br><br>    **Plaintiff,**<br><br>v.<br><br>**LIFE INSURANCE COMPANY**<br>**of NORTH AMERICA,**<br><br>    **Defendant.** | Civil Action No. 3:19-CV-21-JHM |

## COMPLAINT

### Introduction

1. This complaint seeks legal and equitable damages arising from and relating to disability benefits provided by an insurance policy underwritten and issued by Defendant.

2. The headings contained in this complaint are intended only to assist in reviewing the statements and allegations contained herein. To avoid the unnecessary repetition in each section, Plaintiff hereby affirms and incorporates each paragraph in each section of this complaint as though fully set forth therein.

3. The factual allegations found in this complaint are not exhaustive, and are presented throughout this complaint so as to provide the requisite notice of the basis for Plaintiff's allegations.

### Jurisdiction & Venue

4. This Court has subject matter jurisdiction over the claims asserted in this action for monetary and equitable relief under Federal Question Jurisdiction pursuant to 28 U.S.C. § 1331 and the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(e)(1) and § 1132(f).

5. Venue is appropriate in the United States District Court for the Western District

of Kentucky pursuant to 29 U.S.C. § 1132(e)(2) and 28 U.S.C. § 1391.

## Parties

6. Plaintiff Mary Beattie ("Ms. Beattie") is a citizen of the United States and an insured participant under the disability insurance coverage at issue in this lawsuit.

7. Defendant Life Insurance Company of North America ("LINA") is the underwriter and insurer for the disability insurance policies at issue in this lawsuit. At all relevant times, LINA was doing business within the Commonwealth of Kentucky and may be found in this district.

## Facts

8. Ms. Beattie is insured under a group short term disability insurance policy ("STD Policy") and long term disability insurance policy ("LTD Policy") underwritten and issued by LINA.

9. The STD Policy provides a weekly disability benefit equal to 50% of Ms. Beattie's pre-disability earnings for up to twenty-six (26) weeks if she is functionally unable to perform the necessary and material work duties of her occupation.

10. The LTD Policy provides a monthly disability benefit equal to 60% of Ms. Beattie's pre-disability earnings through her Social Security Normal Retirement Age ("SSNRA") if she continues to meet the definition of disability.

11. For the first 24 months of disability, the LTD Policy provides monthly disability benefits if the insured – Ms. Beattie – is unable to perform the material duties of her regular occupation – "own occupation."

12. After 24 months, the LTD Policy provides monthly disability benefits if the insured – again, Ms. Beattie – is unable to perform the material duties of "any occupation" for which she is qualified and unable to earn at least 60% of her indexed pre-disability earnings.

13. In May 2016, Ms. Beattie was forced to cease working in her occupation due to her physical restrictions and limitations and her corresponding treatment regimen, which prevented her from engaging in full-time gainful employment. Subsequent to ceasing work, Ms.

Beattie has remained continuously disabled and unable to function on a full-time basis in any gainful sedentary, or greater, employment.

14. In May 2016, with the support of her treating and examining physicians, Ms. Beattie submitted a claim to LINA for STD disability benefits.

15. LINA initially approved Ms. Beattie's STD disability benefits effective June 2, 2016 – providing her with a weekly benefit of $1,271. LINA continued to provide Ms. Beattie with STD disability through October 17, 2016.

16. On December 16, 2016, without any change in her condition, LINA sent Ms. Beattie a letter notifying her it was "unable to continue paying benefits beyond October 17, 2016."

17. Ms. Beattie timely appealed LINA's termination of her STD disability benefits.

18. On July 19, 2017, LINA denied Ms. Beattie's appeal and upheld its "previous denial of benefits dated December 16, 2016."

19. Subsequent to LINA's decision to deny the appeal decision on her STD disability benefits, Ms. Beattie filed a claim for disability benefits under the LTD Policy.

20. On February 14, 2018, LINA notified Ms. Beattie it believed her claim for LTD disability benefits was not timely and she "must provide a written explanation for the late submission."

21. On March 14, 2018, LINA agreed to provide Ms. Beattie with a brief extension of time to submit her written explanation.

22. On March 21, 2018, LINA denied Ms. Beattie's claim for LTD disability benefits based upon its position that her claim was not timely and she had not provided a "written explanation for the late submission."

23. On March 22, 2018, Ms. Beattie appealed LINA's denial and provided a letter to conform to the request for a "written explanation" for the timing of her claim for LTD disability benefits.

24. On March 28, 2018, LINA reversed its decision and approved Ms. Beattie's

appeal – agreeing her LTD claim was timely. However, LINA did not provide Ms. Beattie any corrective payment.

25. On May 24, 2018, LINA issued a second denial of Ms. Beattie's claim. LINA's decision went beyond the previous timeliness issue. Additionally, LINA's decision was not based on Ms. Beatties's medical evidence, but rather was instead focused on the financial liability it would incur if the claim was approved.

26. Ms. Beattie timely appealed LINA's second decision to deny her monthly LTD disability benefits.

27. On December 21, 2018, on the eve of its decision being due, LINA notified Ms. Beattie it needed an extension of up to 45 days to make a decision on her appeal.

28. LINA indicated the basis for its extension was it had "scheduled a Medical Professional and Vocational Review of her claim file." Notably the reviews LINA claimed were necessary were to be performed by its own employees – LINA did not state why these reviews were unable to be performed sooner.

29. On December 27, 2018, less than a week after claiming it needed a 45-day extension, LINA denied Ms. Beattie's appeal and upheld its "prior decision to deny her claim."

30. Ms. Beattie exhausted her administrative remedies under both the STD Policy and LTD Policy.

31. Neither the STD Policy nor LTD Policy contain discretionary language. In *Barbu v. Life Insurance Company of N. America*, Civil Action No. 12-cv-1629, LINA admitted identical policy did not contain discretionary language. LINA stated it "admits that the Policy contains no explicit grant of discretionary authority." LINA further stated, "LINA does not dispute that the Policy does not contain a grant of discretionary authority."

32. At all times relative hereto, LINA was operating under an inherent and structural conflict of interest because any disability benefits provided to Ms. Beattie are paid from LINA's assets.

33. LINA's corporate culture pressures claims personnel to deny claims in order to reduce the amount of monthly benefits paid. Employees who save LINA money by terminating or denying claims are more likely to be rewarded with bonuses, promotions, and favorable employment reviews as compared with those who do not. By way of example, LINA employees are subject to production metrics that are based on claim closure (return to work).

34. LINA's claims process is inherently flawed and biased, resulting in participants – Ms. Beattie – being denied a full-and-fair review. By way of example, and not an exhaustive list:

    a. LINA denies disability claims based on its statistical data that participants will *not* file an appeal, thereby avoiding any future liability;

    b. Because LINA knows participants statistically will *not* appeal, LINA limits the resources it expends as part of its claim review and denial decision (e.g. not obtaining any medical or functional capacity examination, and not obtaining any surveillance);

    c. Based on its knowledge that an appeal is *not* likely, LINA's denial letters are intentionally sparse and fail to comply with both the policy terms and the Department of Labor ("DOL") claim regulations (e.g. not providing an explanation for the denial (no discussion), not identifying the specific information required);

    d. LINA fails to comply with the Policy terms limiting it to an actual examination of the insured when it questions or disputes the participant's medical evidence; and

    e. LINA does not ensure its disability claims personnel comply with the DOL claim regulations.

35. Ms. Beattie's complaint is timely and not otherwise time barred.

## Claims

36. The STD Policy and LTD Policy are written contracts.

37. LINA breached the terms of the contracts. By way of example, and not an exhaustive list: LINA failed to provide the respective Policy benefits; ignored relevant medical evidence; failed to provide a full-and-fair review; and failed to comply with all relevant Policy terms.

38. LINA's contractual breaches have resulted in damage to Ms. Beattie, not only in the loss of her monthly disability benefits under both the STD Policy and LTD Policy, but also in her loss of earnings on the unpaid benefits, her lost opportunity costs, and her attorneys' fees and costs – all incurred as a direct result of LINA's improper actions.

39. LINA has similarly failed to comply with the DOL claim regulations, as well as statutory requirements, that it provide a full-and-fair claims process.

40. 29 U.S.C. §§1132(a) is the enforcement mechanism permitting Ms. Beattie to enforce the contractual terms of the LTD Policy, to obtain past benefits and reinstatement of ongoing benefits, to obtain declaratory relief, and to obtain other appropriate equitable relief including, but not limited to, surcharge, make-whole relief, and disgorgement.

### **Attorneys' Fees & Costs**

41. As a result of LINA's improper conduct, Ms. Beattie has incurred attorneys' fees and costs.

42. 29 U.S.C. §1132(g) is the enforcement mechanism permitting Ms. Beattie to recover her attorneys' fees and costs.

### **Prayer for Relief**

43. Ms. Beattie requests the Court enter judgment in her favor and against LINA on all claims asserted herein.

44. Ms. Beattie requests the Court award her reasonable attorneys' fees and costs.

45. Ms. Beattie requests the Court award pre- and post-judgment interest at the greater of her actual borrowing rate or the rate earned by LINA on her unpaid monthly disability benefits.

46. Ms. Beattie requests the Court award all other legal or equitable relief to which she may be entitled.

47. Ms. Beattie requests leave to amend the complaint as needed.

\* \* \* \* \* \* \* \*

Dated: January 8, 2019                                  Respectfully submitted,

s/ Andrew M. Grabhorn
Michael D. Grabhorn
*m.grabhorn@grabhornlaw.com*
Andrew M. Grabhorn
*a.grabhorn@grabhornlaw.com*
Grabhorn Law | Insured Rights™
2525 Nelson Miller Parkway, Suite 107
Louisville, KY 40223
p: (502) 244-9331
f: (502) 244-9334

*Counsel for Plaintiff Mary Beattie*